# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| ARMANI BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 14 C 6627 |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| JODY PETER WEIS, in his official and | ) | |
| individual capacities, OFFICER STANEK, | ) | |
| in his official and individual capacities, | ) | |
| OFFICER REIFF, in his official and individual | ) | |
| capacities, and CITY OF CHICAGO, | ) | |
| ILLINOIS, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants' motions to dismiss (dkts. 19, 32) are granted. Plaintiff's amended complaint is dismissed without prejudice. Should plaintiff wish to file a second amended complaint, he must do so within twenty-one days. The complaint must be consistent with Federal Rule of Civil Procedure 11. See Statement.

## STATEMENT

### I.    Background[1]

In October 2010, Demetrius Johnson shot a bullet through the second-floor apartment at 3526 S. Lake Park Ave. in Chicago, Illinois. (Dkt. 23 ("Am. Compl.") ¶ 8.) Johnson's girlfriend, Keyanta Washington, was present when the shooting occurred. (*Id.*) At some point, Johnson persuaded Washington to falsely implicate Bell in the shooting. (*Id.*)

On November 4, 2010, Johnson arranged to make a drug deal with John Pell Lemon at the Lake Park address and asked Bell to accompany him during the deal. (*Id.* ¶ 9.) As planned, Lemon arrived at the address and drove into the parking lot. (*Id.* ¶ 10.) Dante Barney rode in the front passenger's seat, while Raphael Ramos sat in the back. (*Id.*) With Bell beside him, Johnson approached the driver's side window. (*Id.*) Johnson then pulled out a pistol and cocked it, and Barney and Ramos ducked down low before hearing a gun shot. (*Id.* ¶ 11.) Lemon was killed. (*Id.*) Neither Barney nor Ramos saw who pulled the trigger. (*Id.* ¶ 14.)

---

[1] Unless otherwise noted, the following facts are taken from Bell's amended complaint and are presumed true for the purpose of resolving the pending motion. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) (citation omitted).

Because the October and November 2010 shootings involved bullet casings with the same firing pin characteristics, the police suspected that the same person had been involved in both events. (*Id.* ¶ 12.) Given that Washington had accused Bell of committing the first shooting, the police—including Chicago police officers Stanek and Reiff—focused their investigation on Bell. (*Id.*)

During the ensuing investigation, Washington told Stanek and Reiff that Bell had not killed Lemon; she also confessed that she had falsely implicated Bell in the October shooting. (*Id.* ¶ 13.) Barney identified Johnson as Lemon's shooter, while Ramos identified the perpetrator as a heavy-set individual who wore his hair in dread locks. (*Id.* ¶ 14.) Bell matched Ramos's description. (*Id.* ¶ 17.) Nevertheless, on January 17, 2011, Barney and Ramos identified Johnson in a lineup, and Johnson was charged with the murder of Lemon. (*Id.* ¶ 15.)

Stanek and Reiff told Bell that they knew he had not killed Lemon but asked him to identify his friend Berney Lockheart, who at the time was under house arrest for armed robbery, as a participant in Lemon's murder. (*Id.* ¶ 16.) When Bell refused, Stanek and Reiff placed Bell in a lineup on January 19, 2011. (*Id.* ¶ 17.) None of the individuals in the lineup except Bell resembled Ramos's description of the shooter. (*Id.*) Barney and Ramos identified Bell as Lemon's shooter from that lineup, and Bell was charged with murder.[2] (*Id.*) Bell went to trial and was acquitted in February 2014. (*Id.* ¶ 18.)

Bell filed this seven-count, civil-rights action against Jody Peter Weis, the former superintendent of the Chicago Police Department; the City of Chicago, Illinois ("the City"); and Stanek and Reiff.[3] Bell brings the following claims: (1) deprivation of due process and equal protection under 42 U.S.C. § 1983 against Stanek; (2) deprivation of due process and equal protection under § 1983 against Reiff; (3) conspiracy to interfere with civil rights under § 1985(2) against Stanek and Reiff; (4) state-law civil conspiracy against Stanek and Reiff; (5) state-law malicious prosecution against Stanek and Reiff; (6) vicarious liability (*respondeat superior*) against the City and Weis in his official capacity,[4] a claim which, as discussed below, the parties characterize as a *Monell* claim; and (7) state-law indemnification against the City under 745 Ill. Comp. Stat. 10/9-102. Both the City and Stanek and Reiff have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6).[5] (Dkts. 19, 32.)

---

[2] Although not specified in the amended complaint, the State presumably withdrew the charge against Johnson before charging Bell.

[3] Bell also named the Chicago Police Department as a defendant in his original complaint. (Dkt. 1.)

[4] Bell's claim against Weis in his official capacity is redundant of his claim against the City, as an official capacity claim against a government official amounts to a suit against the "government entity of which the official is a part." *Sanville* v. *McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (citation omitted); *see also Kentucky* v. *Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Further, although the case caption indicates that Weis is also sued in his individual capacity, there are no allegations indicating that he was personally involved in the events that form the basis of the complaint.

[5] The court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367(a). Venue is appropriate in this district under 28 U.S.C. § 1391(b).

## II.     Legal Standard[6]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint for failure to state a claim on which relief may be granted.  Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) (citation omitted).  To survive a rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  At the same time, the plaintiff need not plead legal theories; it is the facts that count.  *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Johnson* v. *City of Shelby*, --- U.S. ---, 135 S. Ct. 346, 346, --- L. Ed. 2d --- (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim showing the pleader is entitled to relief' . . . .  [T]hey do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted.").

## III.     Analysis

### A.     Counts I and II

Counts I and II assert claims against Stanek and Reiff under 42 U.S.C. § 1983. Specifically, Bell alleges that his constitutional rights to equal protection and due process were violated when Stanek and Reiff placed him in a lineup "with men who were so dissimilar to [him] in appearance, that [he] was easily picked out and charged with murder."  (Am. Compl. ¶¶ 22, 24.)  Stanek and Reiff contend that these counts must be dismissed because Bell has not alleged that the suggestive lineup deprived him of his right to a fair trial.  The court agrees.

It is well established that the constitutional interest triggered by challenges to police identification procedures "is *evidentiary* in nature."  *Alexander* v. *City of South Bend*, 433 F.3d 550, 555 (7th Cir. 2006) (emphasis in original) (citing *Manson* v. *Brathwaite*, 432 U.S. 98, 113 n.14, 97 S. Ct. 2243, 53 L. Ed. 2d 140 (1977)).  Thus, "the *Brathwaite* rule regarding unduly suggestive identification procedures 'is a prophylactic rule designed to protect a core right, that is the right to a fair trial, and it is only the violation of that core right and not the prophylactic rule that should be actionable under § 1983.'"  *Id.* (quoting *Hensely* v. *Carey*, 818 F.2d 646, 649

_____

[6] Stanek and Reiff style their motion as one for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).  (*See* dkt. 32.)  That label is incorrect as Stanek and Reiff have not yet answered the complaint.  *See* Fed. R. Civ. P. 12(c).  Thus, the court construes their motion as a motion to dismiss. In any event, the label is largely irrelevant as a motion for judgment on the pleadings is governed by the same standards as a motion to dismiss for failure to state a claim.  *See Adams* v. *City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014).

(7th Cir. 1987)).  Because Bell has not alleged that the suggestive lineup deprived him of his right to a fair trial, counts I and II must be dismissed without prejudice.

**B.     Count III**

Count III alleges that Stanek and Reiff "conspired to get [Bell] to implicate . . . Lockheart in a murder . . . Lockheart did not commit, then testify against . . . Lockheart at any subsequent trial" in violation of 42 U.S.C. § 1985(2).  (Am. Compl. ¶ 26.)  Stanek and Reiff argue that the count must be dismissed because Bell has not alleged that either Stanek or Reiff acted out of a class-based animus against Bell.

A plaintiff may file suit under § 1985(2) "[i]f two or more persons . . . conspire to deter by force, intimidation, or threat, any party or witness in any court of the United States from attending . . . or from testifying," or "if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws."  42 U.S.C. § 1985(2).  Section 1985(2) has two parts:  the first proscribes conspiracies to interfere with litigation in federal court, while the second prohibits conspiracies to obstruct the course of justice in state courts.  *See Kush* v. *Rutledge*, 460 U.S. 719, 722–23, 103 S. Ct. 1483, 75 L. Ed. 2d 413 (1983).  If the obstruction of justice is alleged to have occurred in a state-court proceeding, as here, the plaintiff must plead a race- or class-based animus to state a claim.[7]  *See id.* at 725–26; *Wright* v. *Ill. Dep't of Children & Family Servs.*, 40 F.3d 1492, 1507 (7th Cir. 1994).

In this case, Bell has not alleged that Stanek and Reiff conspired against him because of his membership in a protected class.  Accordingly, count III must be dismissed without prejudice.

**C.     Count VI**

Count VI alleges vicarious liability under *respondeat superior* against the City and Weis in his official capacity.  Despite the title of the claim, the parties agree that Bell is asserting a *Monell* claim, through which local governments may be held liable for constitutional violations arising from their policies, customs, or practices.  *See Monell* v. *Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).  Indeed, count VI alleges that Weis and the City "developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Chicago."  (Am. Compl. ¶ 33.)  Further, Bell asserts that "[i]t was the policy and/or custom of . . . Weis . . . and the City . . . to fail to exercise reasonable care in hiring its police officers" and "to inadequately train and supervise its officers."  (*Id.* ¶¶ 34–35.)

A *Monell* claim requires an underlying constitutional violation.  *See Sallenger* v. *City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010).  In this case, the constitutional claims are found in counts I and II—due process and equal protection claims against Stanek and Reiff,

---

[7] Stanek and Reiff erroneously characterize count III as a claim under § 1985(3), rather than § 1985(2).  The error is immaterial, however, as a claim under subsection (3) requires allegations of a class-based animus as well.  *See Green* v. *Benden*, 281 F.3d 661, 665 (7th Cir. 2002).

respectively.  Because those counts have been dismissed, however, the *Monell* claim cannot stand.  As such, it will be dismissed without prejudice.  *See id.*

### D.      Counts IV, V, and VII

As noted above, Bell also brings state-law claims in counts IV, V, and VII.  With the dismissal of the federal claims, however, also goes Bell's basis for invoking federal jurisdiction. "When all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims."  *Al's Serv. Ctr.* v. *BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010) (citations omitted); *see also Williams* v. *Aztar Ind. Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003) (same).  Consistent with this presumption, the court declines to exercise jurisdiction over Bell's state-law claims. Counts IV, V, and VII will be dismissed without prejudice.

Date:   August 19, 2015

_____
U.S. District Judge Joan H. Lefkow