IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMANI BELL, ) | |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | Cause No.  14-cv-6627 |
| ) | |
| JODY PETER WEIS, in his official capacity, ) | |
| ) | |
| OFFICER STANEK, in his official and ) | |
| individual capacities, ) | |
| ) | |
| OFFICER REIFF, in his official and ) | |
| individual capacities, ) | |
| ) | |
| FRATERNAL ORDER OF POLICE, ) | |
| Chicago Lodge Number 7, ) | |
| ) | |
| Defendants. ) | |

**SECOND AMENDED COMPLAINT**

Plaintiff Armani Bell, for his complaint against Defendant Officers Stanek and Reiff, Jody Peter Weis *qua* the Chicago Police Department, and Defendant Fraternal Order of Police, Chicago Lodge Number 7, states as follows:

**INTRODUCTION**

1. This is an action for money damages, declaratory and injunctive relief brought pursuant to 42 U.S.C. §§ 1983 and 1988; the Fourth and Fourteenth Amendments to the United States Constitution; and under the laws of the State of Illinois against Defendant Officers Stanek and Reiff, in their individual and official capacities, Jody Peter Weis, Past Superintendent of the Chicago Police Department, in his official capacity, and Defendant Fraternal Order of Police, Chicago Lodge Number 7.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiffs' cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has supplemental jurisdiction of Plaintiff's cause of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

3. Venue lies in the United States District Court of the Northern District of Illinois because at least one of the defendants resides in the Northern District of Illinois, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Chicago, Illinois. 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

**PARTIES**

4. Plaintiff Armani Bell is an adult citizen and resident of the City of Chicago, Illinois.

5. Defendant Officers Stanek and Reiff are Police Officers with the Chicago Police Department. They are sued in their individual and official capacities.

6. Defendant Jody Peter Weis is a past Superintendent of Police of the Chicago Police Department. He was the Superintendent of Police at the time the incidents in question occurred. He is sued in his official capacity.

7. Defendant Fraternal Order of Police, Chicago Lodge Number 7, is the union for the officers of the Chicago Police Department.

**BACKGROUND**

8. In October, 2010, Demetrius Johnson shot a bullet through the floor of the second floor apartment at 3526 S. Lake Park Ave., Chicago, Illinois. A life-long friend of the plaintiff's, Berney Lockheart, lived at that address, and was present when the shooting happened. Keyanta Washington, Johnson's girlfriend, was also present during the shooting. She accused the plaintiff of that shooting, even though she had never met the plaintiff before that time. She implicated the plaintiff at Johnson's

instruction.

9.      On November 4, 2010, Demetrius Johnson was visiting the 3526 S. Lake Park Ave. address while in possession of a cell phone that he had stolen from Jamain Perry. John Pell Lemon called Jamain Perry with regard to a drug deal. However, Demetrius Johnson answered the call. Demetrius Johnson, having been apprised by John Lemon of the terms of the deal, decided to negotiate the deal himself. He gave John Lemon the address where to come. Not wanting to do the deal alone, he telephoned the plaintiff, who was on his way home from school at the time, to accompany him for moral support.

10.     John Lemon drove into the parking lot at 3526 S. Lake Park Avenue. Dante Barney was in the front passenger seat. Raphael Ramos was in the rear seat. Demetrius Johnson approached the car at the driver's side window. The plaintiff was beside him in the direction of the rear of the car.

11.     The deal did not go as planned. Demetrius Johnson pulled out a pistol, and cocked it. Hearing the gun being cocked, Dante Barney and Raphael Ramos ducked down low, then heard gun shots. John Pell Lemon was shot to death.

12.     Because the bullet casings in both shootings had the same firing pin characteristics, the police suspected the same person was involved in both shootings. Since the plaintiff had been accused, albeit falsely, of the first shooting, the police focused on the plaintiff.

13.     During the subsequent investigation, Keyanta Washington told officers Stanek and Reiff that the plaintiff did not shoot John Lemon. Keyanta Washington told officers Stanek and Reiff that she falsely accused the plaintiff in the first shooting, because Demetrius Johnson had told her to do so.

14.     During additional subsequent investigation, Dante Barney said Demetrius Johnson killed John Lemon. Raphael Ramos said someone who was heavy-set and wore dread locks killed John Lemon. Neither of them actually saw the shooting happen. They merely heard it happen.

15.     On January 17, 2011, Barney and Ramos picked Demetrius Johnson out in a line-up.

Officers Stanek and Reiff charged Demetrius Johnson with murder.

16. Afterwards, Officers Stanek and Reiff, told the plaintiff that they knew he did not murder John Lemon. However, they wanted the plaintiff to implicate Berney Lockheart, who at the time was on "house arrest" for armed robbery.

17. In an effort to persuade the plaintiff to implicate Berney Lockheart falsely in the murder of John Lemon, Officers Stanek and Reiff used excessive force during their interrogation of the plaintiff. They tortured the plaintiff and beat him repeatedly. The plaintiff, however, was steadfast in his position to tell only the truth. So, on January 19, 2011, because the plaintiff would not comply with their demands to lie, Officers Stanek and Reiff charged the plaintiff with murder.

18. The plaintiff and Demetrius Johnson were both put on trial for murder, and were both acquitted in February of 2014.

19. At all relevant times, all the defendants were acting under color of law and under color of authority as police officers, employees, and agents or servants of the City of Chicago, Illinois.

20. As a direct and proximate result of the acts of defendants, acts that violated clearly established and well settled Illinois and federal constitutional rights, the plaintiff suffered the following injuries and damages:

## COUNT I

*42 U.S.C. §1983 Against Defendant Officer Stanek*

21. Plaintiff re-alleges and incorporates by reference ¶¶ 1-20.

22. Plaintiff claims damages under 42 U.S.C. §1983 for violation of his constitutional right to be free from unreasonable search and seizure guaranteed by the Fourth Amendment of the U.S. Constitution against Defendant Officer Stanek in that Defendant Officer Stanek used excessive force during his interrogation of the plaintiff by torturing and beating him repeatedly in order to persuade the plaintiff to implicate Berney Lockheart falsely in the murder of John Lemon.

## COUNT II

*42 U.S.C. §1983 Against Defendant Officer Reiff*

23. Plaintiff re-alleges and incorporates by reference ¶¶ 1-22.

24. Plaintiff claims damages under 42 U.S.C. §1983 for violation of his constitutional right to be free from unreasonable search and seizure guaranteed by the Fourth Amendment of the U.S. Constitution against Defendant Officer Stanek in that Defendant Officer Stanek used excessive force during his interrogation of the plaintiff by torturing and beating him repeatedly in order to persuade the plaintiff to implicate Berney Lockheart falsely in the murder of John Lemon.

## COUNT III

*Civil Conspiracy Against Defendant Officers Stanek and Reiff*

25. Plaintiff re-alleges and incorporates by reference ¶¶ 1-24.

26. Defendant Officers Stanek and Reiff conspired to get the plaintiff to implicate Berney Lockheart in a murder Berney Lockheart did not commit, then falsely testify against Berney Lockheart at any subsequent trial.

## COUNT IV

*Malicious Prosecution Against Defendant Officers Stanek and Reiff*

27. Plaintiff re-alleges and incorporates by reference ¶¶ 1-26.

28. Defendant Officers Stanek and Reiff prosecuted the plaintiff for a crime they knew he did not commit because the plaintiff would not agree to implicate Berney Lockheart in a murder Berney Lockheart did not commit.

## COUNT V

*Respondeat Superior Against Jody Peter Weis* **qua** *the Chicago Police Department*

29. Plaintiff re-alleges and incorporates by reference ¶¶ 1-28.

30. Defendant Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago

are liable for the actions committed against Plaintiff by Defendant Officers Stanek and Reiff. Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago employed the Defendant Officers Stanek and Reiff who committed the violations of Plaintiff's rights while acting within the scope of their employment. In particular, Defendant Officers Stanek and Reiff conspired to prosecute the plaintiff if the plaintiff did not implicate Berney Lockheart in a murder Berney Lockheart did not commit. The plaintiff did not implicate Berney Lockheart, so Defendant Officers Stanek and Reiff charged the plaintiff with murder. Moreover, they used excessive force during their interrogation of the plaintiff by torturing and beating him repeatedly in order to persuade the plaintiff to implicate Berney Lockheart falsely in the murder of John Lemon.

31. Prior to October, 2010, Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Chicago, which caused the violation of Plaintiff's rights.

32. It was the policy and/or custom of Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago to fail to exercise reasonable care in hiring its police officers, including Defendant Officers Stanek and Reiff, thereby failing to adequately prevent constitutional violations on the part of its police officers, in particular, Defendant Officers Stanek and Reiff.

33. It was the policy and/or custom of Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago to inadequately train and supervise its officers, including Defendant Officers Stanek and Reiff, thereby failing to adequately discourage violations on the part of Defendant Officers Stanek and Reiff. Had Defendant Officers Stanek and Reiff been properly trained and supervised, they would not have deliberately and openly attempted to coerce the plaintiff into committing the unlawful act of perjuring himself. Nor would they have used excessive force during their interrogation of the plaintiff by torturing and beating him repeatedly in order to persuade the plaintiff to implicate Berney Lockheart falsely in the murder of John Lemon.

34. As a result of the above described policies and customs, Defendant Officers Stanek and Reiff believed that their actions would not be properly monitored by supervisory personnel, and that misconduct would not be investigated or sanctioned, but would be tolerated.

35. The above described polices and customs demonstrate a deliberate indifference on the part of Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago to the constitutional rights of persons within the City of Chicago, and were the cause of the violations of Plaintiff's rights alleged herein.

### COUNT VI

*Civil Conspiracy Against Defendant Jody Peter Weis* **qua** *the Chicago Police Department, the City of Chicago, Illinois, and the Fraternal Order of Police, Chicago Lodge Number 7*

36. Plaintiff re-alleges and incorporates by reference ¶¶ 1-35.

37. Prior to November 4, 2010, Jody Peter Weis *qua* the Chicago Police Department, the City of Chicago and the Fraternal Order of Police, Chicago Lodge Number 7, conspired to grant members of the Fraternal Order of Police, Chicago Lodge Number 7, rights over and above the rights enjoyed by other citizens of Chicago, including the plaintiff, in violation of their right to equal protection guaranteed by the Fourteenth Amendment of the U.S. Constitution.

38. The signing of the contract between the City of Chicago and the Fraternal Order of Police, Chicago Lodge Number 7, by Jody Peter Weis *qua* the Chicago Police Department, the mayor of the City of Chicago and the president of the Fraternal Order of Police, Chicago Lodge Number 7, constituted the act in the furtherance of that conspiracy, thereby granting rights to the members of the Fraternal Order of Police, Chicago Lodge Number 7, over and above those enjoyed by other citizens of the City of Chicago, including the plaintiff.

39. Because Defendant Officers Stanek and Reiff knew the City of Chicago would protect them in their criminal activities, they had no reason to believe they would be held accountable in any way.

40. Even if an investigation were to be conducted pursuant to their misconduct, Defendant Officers Stanek and Reiff knew they would be accorded fair and humane treatment during the investigation pursuant to the Bill of Rights in Article 6 of their contract with the City of Chicago, and would always be represented by a member of the Fraternal Order of Police, or the attorney of their choice, rights the plaintiff and the citizens of the City of Chicago are not guaranteed.

41. As a result of the above described contract provisions, Defendant Officers Stanek and Reiff believed that their actions would not result in any meaningful discipline, that their misdeeds would be protected and shielded from the judicial process other citizens of the City of Chicago must suffer.

42. The above described contract provisions demonstrate a deliberate indifference on the part of Defendant Jody Weis *qua* the Chicago Police Department, the City of Chicago and the president of the Fraternal Order of Police, Chicago Lodge Number 7, to the constitutional rights of persons within the City of Chicago, and were the cause of the violations of plaintiff's rights alleged herein.

## COUNT VII

*42 U.S.C. §1983 Against Defendant Jody Peter Weis* **qua** *the Chicago Police Department*

43. Plaintiff re-alleges and incorporates by reference ¶¶ 1-42.

44. Plaintiff claims damages under 42 U.S.C. §1983 for violation of his constitutional right to equal protection guaranteed by the Fourteenth Amendment of the U.S. Constitution against Defendant Jody Peter Weis *qua* the Chicago Police Department in that Defendant Weis and the City of Chicago signed a contract with the Fraternal Order of Police, Chicago Lodge Number 7, granting members of the members of the Fraternal Order of Police, Chicago Lodge Number 7, rights over and above those enjoyed by the plaintiff and the other citizens of Chicago.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter judgment in favor of Plaintiff and against Defendants;

B. Enter an order declaring Defendants' conduct unconstitutional;

C. Award Plaintiff compensatory and punitive damages against Defendants in the amount of $1,000,000.00;

D. Award Plaintiff reasonable fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law;

E. Enter a permanent injunction requiring the City of Chicago to adopt appropriate policies related to the hiring, training and supervision of its deputy officers;

F. Grant to Plaintiff such other and further relief as may be just and proper under the circumstances, including, but not limited to, appropriate injunctive relief.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

  /s/Larry Redmond
Larry Redmond
11747 S. Longwood Dr.
Chicago, Illinois 60643
773-733-0830
Lredmond3@juno.com
Attorney number: 6192358