IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANI BELL, | ) | |
| | ) | Case No. 14 C 6627 |
| Plaintiff, | ) | |
| | ) | JUDGE LEFKOW |
| vs. | ) | |
| | ) | |
| JODY PETER WEIS, et al, | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT JODY PETER WEIS' AND CITY OF CHICAGO'S MOTION TO DISMISS COUNT V, VI and VII OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Jody Peter Weis and the City of Chicago (herein "Defendants") by and through their attorney, Jason Marx, Assistant Corporation Counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully moves this Court to dismiss Jody Peter Weis as a Defendant and dismiss Counts V, VI and VII of Plaintiff's Second Amended Complaint with prejudice. In support of the motion, Defendants state:

**INTRODUCTION**

Even though Plaintiff removed the City of Chicago as a named Defendant in his Second Amended Complaint, Plaintiff sues Jody Peter Weis, the former superintendent of the Chicago Police Department, in his official capacity. Plaintiff's claims against Weis in his official capacity are redundant of his claims against the City, as an official capacity claim against a government official amounts to a suit against the "government entity of which the official is a part." *Sanville v. McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (citation omitted); *see also Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Therefore, Jody Peter Weis should be dismissed as a Defendant in this case. The City of

Chicago is the true party to this case. However, Plaintiff's claims against the City, Counts V, VI, and VII, must be dismissed for the reasons stated below.

Count VI of Plaintiff's Second Amended Complaint is titled "Respondeat Superior Against Jody Peter Weis qua City of Chicago Police Department." *See Dkt.# 43*. Plaintiff alleges that "Defendant Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago are liable for the actions committed against Plaintiff by Defendant Officers Stanek and Reiff." *Id. at ¶30*. Plaintiff alleges "prior to October 2010, Jody Peter Weis *qua* the Chicago Police Department and the City of Chicago developed and maintained policies and customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Chicago, which caused the violation of Plaintiff's rights." *Id. at ¶31*.

Plaintiff is attempting to plead a policy claim against the City under § 1983, also known as a *Monell* claim. Plaintiff's *Monell* claim is barred by the applicable statute of limitations, therefore, it must be dismissed. Even if Plaintiff's *Monell* claim is not time barred, said claim must be dismissed for failure to state a claim.

Count VI of Plaintiff's Second Amended Complaint is titled "Civil Conspiracy Against Defendant Jody Peter Weis qua the Chicago Police Department, the City of Chicago, Illinois, and the Fraternal Order of Police, Chicago Lodge Number 7." Count VI must be dismissed as time barred, failing to state a claim, and/or improperly joined as argued below.

Count VII is titled "42 U.S.C. § 1983 Against Defendant Jody Peter Weis qua the Chicago Police Department." Again, Count VII must be dismissed for the same reasons as Count VI as argued below.

**STANDARD OF REVIEW**

The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In order to state a claim, a complaint must "contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (May 18, 2009). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Id*. The well-pleaded allegations in the complaint are taken as true, and all reasonable inferences from those allegation are construed in a light most favorable to the non-moving party. *Ray v. City of Chicago*, 629 F.3d 660, 662 (7th Cir. 2011); *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). While a district court generally should dismiss a complaint under Fed. R. Civ. P. 12(b)(6) "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King and Spaulding*, 467 U.S. 69, 73 (1984), a court should not strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. Of Ed.*, 559 F.2d 443, 447 (7th Cir. 1997). A plaintiff must plead, at least those essential facts outlining all of the elements of a cause of action. *Ellsworth v. City of Racine*, 774 F.2d 182, 184 (7th Cir. 1985); *Capalbo v. Paine Webber, Inc.*, 694 F.Supp. 1315, 1318 (N.D. Ill. 1988).

**ARGUMENT**

1. **Count V is time barred**

State law determines the limitations period for a suit arising under § 1983. *Caine v. Burge*, No. 11 C 8996, 2012 WL 2458640, at *7 (N.D. Ill. June 27, 2012). The statue of limitations for § 1983 actions filed in Illinois is two years as provided for in 735 Ill. Comp. Stat.

5/13-202. *Id*. However, while state law determines the limitations period, "federal law controls when the claim accrues*." Id. citing Wallace v. Kato*, 549 U.S. 348, 388 (2007) ("While we have never stated so expressly, the accrual date of a § 1983 action is a question of federal law that is not resolved by reference to state law").

    A claim's "[a]ccrual is the date on which the statute of limitations begins to run." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450 (7th Cir. 1990); *Hobbs v. Cappelluti*, 899 F. Supp.2d 738, 755 (N.D. Ill. 2012). "Under federal law, a § 1983 claim accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Caine*, 2012 WL 2458640, at *7 quoting *Wallace*, 549 U.S. at 388; *see also Diaz v. Shallbetter*, 984 F.2d 850, 855 (7th Cir.1993) ("[E]very constitutional tort actionable under § 1983 is treated as a personal injury, with the claim accruing when the injury is inflicted."). The Seventh Circuit applies a two-part analysis to determine when a Section 1983 claim has accrued as follows: "First, a court must identify the injury. Next, it must determine the date on which the plaintiff could have sued for that injury. That is the date that the plaintiff knew or should have known that his constitutional rights had been violated." *Savory v. Lyons*, 469 F.3d 667, 672 (7th Cir. 2006). Stated another way, "'[t]he cause of action accrues at ... the date of the last injury.' " *Devbrow v. Kalu*, 705 F.3d 765, 770 (7th Cir. 2013) quoting *Heard v. Shehan*, 253 F.3d 316, 319 (7th Cir. 2001). In this regard, "[t]he statute of limitations begins to run upon injury (or, as is standardly the case with federal claims, upon discovery of the injury) and is not tolled by subsequent injuries." *Limestone Development Corp. v. Village of Lemont*, Ill., 520 F.3d797, 801-02 (7th Cir. 2008).

    In the present case, the entirety of Plaintiff's federal claims against the Defendant Officers is premised on the Defendant Officers using excessive force against Plaintiff sometime

4

between January 17, 2011 and January 19, 2011. *See Dkt.# 43* at ¶¶15-17. Clearly, Plaintiff is alleging his injury occurred sometime between January 17, 2011 and January 19, 2011. Under well-established Illinois law, any claim against the Defendant Officers, accrued sometime between January 17, 2011 and January 19, 2011. *See, e.g., Lowe v. Ford Motor Co.*, 313 Ill. App.3d 418, 420-21 (1st Dist. 2000) (finding that "a traumatic event alone puts a person on notice of a reasonable possibility that his injury was wrongfully caused,"); *Golla v. General Motors Corp.*, 167 Ill.2d 353, 361 (Ill. 1995); *See also* Caine, 2012 WL 2458640, at *7 (claim accrues when plaintiff could have first brought suit); *U. S. Dept. of Labor v. Old Ben Coal Co.,* 676 F.2d 259, 261 (7th Cir. 1982) ("A statute of limitations cannot begin to run until there is a right to bring an action."). Thus, given the two-year statute of limitations of Section 1983 claims and the application of the two part test employed by the Seventh Circuit, Plaintiff would have had until January 19, 2013 (at the latest) in which to file his federal claims. *Savory*, 469 F.3d at 672; *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004). However, Plaintiff did not file suit until August 27, 2014, making his federal claims approximately nineteen months too late. *See Dkt.# 1*. For the above stated reasons, this Court must dismiss Count V as time barred.

### 2. Even if Count V is not time barred, it must be dismissed for failure to state a claim.

A *Monell* claim requires an underlying constitutional violation. *See Sallenger* v. *City of Springfield, Ill.*, 630 F.3d 499, 504 (7th Cir. 2010); *Thompson v. Boggs*, 33 F.3d 847, 859 (7th Cir. 1994) (holding that a "verdict in favor of [the defendant police officer] … precludes the possibility that [plaintiff] could prevail on his *Monell* claim."). Because Plaintiff's federal claims against the Defendant Officers are time-barred, Plaintiff cannot prove an underlying constitutional violation. Since Plaintiff cannot prove an underlying constitutional violation, his *Monell* claim must be dismissed. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986)

("if [plaintiffs] are unsuccessful in their claims against the individual defendants, they will no longer have a cause of action against the city.")

Even if this Court were to consider Count V as timely filed and somehow survived the mandates of *Sallenger* and *Thompson,* Plaintiff still fails to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Municipalities, government agents, or policymaking individuals may not be held liable under a respondeat superior theory but may be held liable under Section 1983 for constitutional deprivations pursuant to governmental custom. *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978)). In order to establish liability under *Monell*, a plaintiff must demonstrate: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Waters v. City of Chi.,* 580 F.3d 575, 581 (7th Cir. 2009) (*quoting Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 515 (7th Cir. 2007)).

Plaintiff's *Monell* claim is based upon the allegations that "it was the policy and/or custom of Jody Peter Weis qua the City of Chicago Police Department and the City of Chicago to fail to exercise reasonable care in hiring its police officers" and "to inadequately supervise and train its officers" *See Dkt.# 43* at ¶¶32, 33. A complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (2009) (*citing Twombly*, 550 U.S. 544 at 570). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. To state a *Monell* claim, a plaintiff is required to "`plead factual content that allows the court to draw the reasonable inference' that the City maintained a policy, custom, or practice" that deprived him of his constitutional rights. *McCauley v. City of Chi.,* 671 F.3d

611, 6l6 (7th Cir. 2011) (*citing Iqbal*, 556 U.S. at 678).

Plaintiff has not pleaded facts that support a reasonable inference that the City engaged in "a widespread practice that is so permanent and well-settled that it constitutes a custom or practice[.]" *Waters*, 580 F.3d at 581. Instead, Plaintiff has merely alleged it was the policy and/or custom of Jody Peter Weis qua the Chicago Police Department to do something, without providing a factual basis for the allegations. A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Twombly*, 550 U.S. at 555. Here, Plaintiff fails to point to facts that would support an inference that the City engaged in a widespread practice, custom, or policy that led to a constitutional violation.

*Gustafson v, Jones*, 117 F.3d 1015 (7th Cir. 1997), is instructive on this point. There, the district court dismissed a complaint that alleged "[t]he Milwaukee Police Department has in the past, and continues to, engage in a practice of retaliatory transfer, discipline, and discharge." 117 F.3d at 1021-22. The Seventh Circuit affirmed the district court's ruling and noted that the isolated incident regarding the plaintiff "was not enough to show that the County itself had a policy or custom that caused the plaintiff's injuries." Id. at 1021 (citing *Bd. of Cnty. Commis of Bryan Cnty., Okla. v. Brown*, 520 U.S. 397 (1997)). As in *Gustafson*, Plaintiff's conclusory allegations regarding an isolated incident involving the Defendant Officers, fails to state a *Monell* claim against the City. *See also Willis v. Often*, No. 13-CV-4385, 2013 WL 6730760, at * 2 (N.D. Ill. Dec. 19, 2013) (granting defendant's motion to dismiss plaintiff's *Monell* claim because "simply alleging that the City condones a code of silence with nothing further is insufficient to state a claim under Fed.R. Civ. P. 12(b)(6).").

Although Plaintiff's Second Amended Complaint contains twenty paragraphs of "facts"

7

which allegedly support his federal and state law claims, those facts describe only an isolated incident of the Defendant Officers' conduct. The Complaint is devoid of facts that support an inference that the City engaged in a widespread policy, practice, or custom that lead to a constitutional violation. For the reason stated above, Count V must be dismissed for failure to state a claim.

### 3. Count VI is time barred

It is unclear whether Plaintiff brings this claim pursuant to state law or federal law. Either way, said claim is time barred. Plaintiff alleges "prior to November 10, 2010, Jody Peter Weis qua the Chicago Police Department, the City of Chicago and the Fraternal Order of Police, Chicago Lodge Number 7, conspired to grant members of the Fraternal Order of the Police, Chicago Lodge Number 7, rights over and above the rights enjoyed by other citizens of Chicago, including the Plaintiff, in violation of their right to equal protection guaranteed by the Fourteenth Amendment of the U.S. Constitution." *See Dkt.# 43* at ¶37. Since Plaintiff is alleging injury occurred "prior to November 10, 2010," Plaintiff had until November 10, 2012 (at the latest) to bring his federal claims. If this claim is brought pursuant to state law, Plaintiff had until November 10, 2011 (at the latest) to bring said claim. However, Plaintiff did not file suit until August 27, 2014, making this claim time barred regardless of whether it is considered a federal or state claim. Therefore, Count VI must be dismissed as time barred.

### 4. **Even if Count VI is not time barred, it must be dismissed for failure to state a claim**

In this count, Plaintiff alleges that Jody Weis (and others) conspired to violate Plaintiff's (and others) right to equal protection guaranteed by the Fourteenth Amendment to the U.S. Constitution. This is a novel theory of liability that must be dismissed for failure to state a claim.

To state a claim under Sections 1983, 1985 or 1986 against a municipality or a municipal

employee in his official capacity, a plaintiff must allege that an official policy or custom not only caused the constitutional violation, but was the moving force behind it. *Estate of Sims ex. Rel. Sims v. City of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Plaintiff's allegations in Count VI fail to meet this standard. Plaintiff fails to allege any official policy or custom of the City that was the moving force behind his rights violation. Rather, he alleges Jody Peter Weis, the mayor and the president of the Fraternal Order of the Police signed a contract granting more rights to members of the Fraternal Order of Police than those enjoyed by Plaintiff and other citizens of Chicago. *See Dkt.#* 43 at ¶38. The City cannot be the moving force of Plaintiff's rights deprivation when Plaintiff alleges other independent actors, i.e. the mayor and the president of the Fraternal Order of the Police, also acted to deprive Plaintiff of his rights. Since Plaintiff fails to point to facts that would support an inference that the City engaged in a widespread practice, custom, or policy that led to a constitutional violation, this count must be dismissed.

Further, Count VI is a conspiracy count against the City and Section 1983 does not punish conspiracy without an underlying violation of a civil right. *Goldschmidt v. Patchett*, 686 F.2d 582, 585 (7th Cir. 1982). In this case, there is no underlying violation of a civil right, as argued in Section 2 above. Plaintiff cannot avoid the requirement of an underlying violation of a civil right by alleging the City itself is the source of the underlying violation. Since no federal claims survive against the Defendant Officers, this conspiracy claim against the City must also fail.

Plaintiff fails to state a claim regardless if this claim is brought pursuant to federal law or state law. To state a claim for a conspiracy in violation of Section 1983, a plaintiff must allege that (1) a state official and private individuals reached an understanding to deprive the plaintiff of his constitutional rights, and (2) those individuals were willful participants in joint activity

9

with the State or its agents. *Williams v. Seniff*, 342 F.3d 774, 785 (7th Cir. 2003). Plaintiff only makes broad allegations that Jody Weis conspired with others to violate the rights of other citizens of Chicago (millions of people), including Plaintiff. The Seventh Circuit has rejected such bare bares, conclusory attempts to state a conspiracy claim, making this claim not plausible on its face. *See Sow v. Fortville Police Dep't,* 636 F.3d 293, 304-305 (7th Cri. 2011)("To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm **upon him**)(emphasis added). Further, this claim must be dismissed as there is no allegation that Jody Weis, the mayor and president of the Fraternal Order of the Police were "willful participants in a joint activity with the State or its agents."

Even if this Court construes Count VI as a state law claim, Plaintiff still fails to state a claim. In Illinois, "[t]he elements of civil conspiracy are: (1) a combination of two or more persons, (2) for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means, (3) in the furtherance of which one of the conspirators committed an overt tortious or unlawful act." *Fritz v. Johnston*, 209 Ill.2d 302, 217, 282 Ill.Dec. 837, 807 N.E.2d 461 (Ill. 2004). State law requires "two or more persons" to act. Plaintiff has sued Jody Peter Weis in his official capacity, so the true party is the City. The City is a municipality and is not a "person" by definition. Also, it is simply not plausible on its face, that the signing of a contract by Jody Weis, the mayor and the president of the Fraternal Order of the Police could be considered an "overt tortious or unlawful act." Since Count VI fails to state a claim, it must be dismissed.

5. **Even if Count VI is not time barred and does not fail to state a claim, it must be dismissed as improperly joined**

Pursuant to Fed.R.Civ.P. 18(a): "A party asserting a claim to relief as an original claim,

counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Unrelated claims against different defendants belong in different suits. *Id.* Defendants must participate in the same transaction or series of transactions, and question of fact must be common to all defendants. *Id*.

By alleging that prior to November 4, 2010, Jody Weis, the mayor and the president of the Fraternal Order of Police conspired to grant certain rights to persons over and above the rights of other persons by signing a contract, bears no common question of fact to the Defendant Officers treatment of Plaintiff between January 17, 2011 and January 19, 2011. Further, since Jody Weis, the mayor and the president of the Fraternal Order of Police did not participate in the same transaction or series of transactions as the Defendant Officers in this case such that there are common questions of fact to all defendants, Count VI must be dismissed as improperly joined.

**6. Count VII is time barred, fails to state a claim and is improperly joined.**

Plaintiff makes the same allegations in Count VII as in Count VI, except now Plaintiff only alleges an equal protection violation (and no conspiracy) against Jody Peter Weis. Nonetheless, since Plaintiff re-alleges and incorporates by reference paragraphs 1-42 into Count VII, this count is redundant of Count VI. As a result, Count VII must be dismissed for the same reasons set forth above with regard to Count VI .

**WHEREFORE,** pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Jody Peter Weis and the City of Chicago respectfully requests this Court dismiss Jody Peter Weis as a Defendant and dismiss Counts V, VI, and VII of Plaintiff's Second Amended Complaint with prejudice and for further relief this Court deems just.

        Respectfully submitted
        STEPHEN R. PATTON,
        Corporation Counsel
        City of Chicago

        By:/s/___Jason Marx_____
        JASON MARX
        Assistant Corporation Counsel

City of Chicago-Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-3902
Attorney No. 6279266