IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANI BELL, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | |
| | ) | NO. 14 C 6627 |
| v. | ) | |
| | ) | JUDGE JOAN HUMPHREY LEFKOW |
| JODY PETER WIES, *et al.*, | ) | |
| | ) | MAGISTRATE JUDGE GILBERT |
| Defendants. | ) | |
| | ) | |

**DEFENDANT, FRATERNAL ORDER OF POLICE,
CHICAGO LODGE NO. 7'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO DISMISS**

Over one year after filing his original Complaint, Plaintiff, Armani Bell, decided on September 15, 2015, to file a Second Amended Complaint adding a new Defendant, the Fraternal Order of Police, Chicago Lodge No. 7 ("Lodge"). Plaintiff has no basis in law or fact to pursue any claims against the Lodge. Accordingly, the Lodge now seeks dismissal of Count VI (the only Count alleged against the Lodge), for essentially the same reasons that the Lodge is seeking sanctions against Plaintiff's counsel (Docket #59).

**STATEMENT OF FACTS**

Plaintiff's original eight-count Complaint was brought against the individually named Defendant Officers, Superintendent Wies and the City of Chicago (Docket # 1). The original complaint was filed on August 27, 2014, based on events which occurred between October 2010 and January 2011 (Docket # 1, ¶ 8-17). Plaintiff's First Amended Complaint, filed on March 28, 2015, dropped a redundant respondeat superior count and corrected the names of the individual Officers (Docket # 22). The Defendants filed a motion to dismiss (Docket # 19). After full briefing, the

Court granted Defendants' motion to dismiss without prejudice, giving Plaintiff the opportunity to replead within 21 days (Docket # 38). The Court specifically cautioned Plaintiff's counsel that any amended complaint "must be consistent with Federal Rule of Civil Procedure 11." (Docket # 19., p. 1).

On September 15, 205, Plaintiff filed his Second Amended Complaint, substantially changing the legal theories against the existing Defendants and adding the Lodge as a party Defendant (Docket # 43). The Lodge was served with the summons and complaint on September 17, 2015, making its responsive pleading due on or before October 8, 2015 (Docket # 44). The Lodge filed an unopposed motion for an extension to file its responsive pleading to October 29, 2015 (Docket #49), which was granted (Docket #58).

The origin of Plaintiff's complaint is alleged misconduct by the individually named Officers while investigating Plaintiff's involvement in two shootings in October and November 2010 (Docket # 43, ¶ 8-17). Counts I and II are Section 1983 claims brought solely against the individual Officers. Count III is a civil conspiracy claim against the individually named Officers alleging that they conspired to cover up the alleged assault. Count IV is a malicious prosecution claim against the individually named Officers. Count V is a respondeat superior claim against Superintendent Weis and the City (really a Monell claim). Count VI is a civil conspiracy claim against the Lodge, Superintendent Weis and the City, alleging a conspiracy to violate the Fourteenth Amendment rights of "citizens of Chicago." Count VII is a Section 1983 claim against Superintendent Weis and the City , alleging that they violated the equal protection provision of the Fourteenth Amendment by signing a collective bargaining agreement with the Lodge.

The Lodge is the exclusive bargaining representative for the individually named Defendant Officers, as well as all other Police Officers working for the City of Chicago below the rank of Sergeant (Ex. A).[1] The Lodge and the City have been parties to a series of Collective Bargaining Agreements. The Collective Bargaining Agreement in effect at the time of the allegations in Plaintiff's Second Amended Complain was effective by its terms July 1, 2007, through June 30, 2012 (Ex. A).

Although the Lodge is not named as a Defendant to Count VII of the Second Amended Complaint, the allegations therein directly concern the Lodge and the validity of its Collective Bargaining Agreement with the City. Plaintiff alleges that Superintendent Weis and the City violated Plaintiff's right to equal protection under the Fourteenth Amendment because they "signed a contract with the Fraternal Order of Police, Chicago Lodge No. 7, granting members, . . ., rights over and above those enjoyed by the plaintiff and the other citizens of Chicago." (Docket # 43, ¶ 44).

In Count VI, Plaintiff similarly alleges that the Lodge, City and Superintendent Weis "conspired to grant members of the Fraternal Order of Police, Chicago Lodge No. 7, rights over and above the rights enjoyed by other citizens of Chicago, including the plaintiff, in violation of their right to equal protection guaranteed by the Fourteenth Amendment of the U.S. Constitution." (Docket # 43, ¶ 37). The Collective Bargaining Agreement, Plaintiff posits, lead the individual

---

[1] A copy of the Collective Bargaining Agreement in effect at the time of the allegations in the Second Amended Complaint is attached hereto as Exhibit A. Although not attached to the Second Amended Complaint, the Collective Bargaining Agreement is specifically referenced and central to Plaintiff's claim against the Lodge (Docket # 43, ¶¶ 37, 38, 42, 44), and should therefore be considered a part of the Second Amended Complaint. *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) ("A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so. Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim") (citations omitted).

Officers to believe they would not "be held accountable in any way[,]" (Docket # 43, ¶ 39), and caused them to believe "that their actions would not result in any meaningful discipline, that their misdeeds would be protected and shielded from the judicial process other citizens of the City of Chicago must suffer[,]" (Docket # 43, ¶ 41). Plaintiff objects to the "Bill of Rights" section of the Collective Bargaining Agreement (Ex. A, p. 4-9), because it assured the individual Officers that "they would be accorded fair and humane treatment during the investigation. . . and would always be represented by a member of the Fraternal Order of Police, or the attorney of their choice, rights the plaintiff and the citizens of Chicago are not guaranteed." (Docket # 43, ¶ 40). He then alleges that "[t]he above described contract provisions demonstrate a deliberate indifference . . . to the constitutional rights of persons within the City of Chicago, and were the cause of the violations of plaintiff's rights alleged herein." (Docket # 43, ¶ 42). Plaintiff further alleges that it is the signing of the Collective Bargaining Agreement between the Lodge and the City which "constituted the act in the furtherance of that conspiracy, thereby granting rights to the members of the Fraternal Order of Police, Chicago Lodge No. 7, over and above those enjoyed by other citizens of the City of Chicago, including plaintiff." (Docket # 43, ¶ 38). Plaintiff does not allege in Count VI any specific rights which it claims were given in violation of the Fourteenth Amendment (Docket # 43, ¶¶ 37-42).

**ARGUMENT**

Plaintiff is attempting to convert the mere existence of a Collective Bargaining Agreement between the Lodge and the City governing the terms and conditions of employment for Police Officers below the rank of Sergeant into a civil conspiracy to deprive residents of the City of Chicago of their constitutional rights. The factual, legal and logical deficiencies in Plaintiff's claim are numerous and insurmountable. Accordingly, Plaintiff's claim against the Lodge should be dismissed.

    **A.**    **Standard of Review Under Rule 12(b)(6).**

To state a claim under Rule 8(a), a pleading must include: "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" *Fed. R. Civ. P., Rule 8(a)*. When alleging fraud, Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud[,]" though "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Fed. R. Civ. P., Rule 9(b)*.

In order to survive a Rule 12(b)(6)[2] motion to dismiss, a complaint must contain sufficient facts, which must be accepted as true, in order to "state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)* (quoting, <u>Bell Atlantic Corp. V. Twombly</u>, 550 U.S. 544, 570 (2007)). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.* As the Seventh Circuit explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. A claim should survive a Rule 12(b)(6) motion to dismiss if the complaint contains well-pled facts—that is, not just legal conclusions—that permit the court to infer more than the

---

[2] Under Rule 12(b)(6), a defendant "may assert the following defenses by motion: . . . (6) failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P., Rule 12(b)(6).

> mere possibility of misconduct. In deciding or reviewing a Rule 12(b)(6) motion, we do not ask did these things happen; instead, the proper question to ask is still 'could these things have happened.

*Olson v. Champaign Cnty., 784 F.3d 1093, 1099 (7th Cir. 2015)* (Internal citations and quotations omitted).

To evaluate claims required to be plead consistent with Rule 9(b), the Seventh Circuit explained:

> The requirement of pleading fraud with particularity includes pleading facts that make the allegation of fraud plausible. The complaint must state the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.

*United States ex rel. Grenadyor v. Ukrainian Vill. Pharm., Inc., 772 F.3d 1102, 1106 (7th Cir. 2014)* (Internal citations and quotations omitted). As the Seventh Circuit acknowledged, the purpose behind this heightened pleading requirement is to mitigate the harm to reputations caused by unsubstantiated claims of fraud. *Id. at 1105-1106*. Generally, pleading fraud "on information and belief" is insufficient. *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co., 631 F.3d 436, 443 (7th Cir. 2011)* (noting that the phrase "information and belief" need not be invoked for a pleading to have that practical effect in considering Rule 9(b)). "[W]hen someone alleges fraud based on information and belief, not just any grounds will do. The grounds for the plaintiff's suspicions must make the allegations plausible, even as courts remain sensitive to information asymmetries that may prevent a plaintiff from offering more detail." *Id.*

**B.     Plaintiff's claim that the Lodge has conspired to violate the Fourteenth Amendment should be dismissed because it does not state a legally cognizable claim for relief.**

Plaintiff has no basis to bring a conspiracy claim for violation of the Equal Protection Clause against the Lodge based solely on its Collective Bargaining Agreement with the City. There are a number of substantial legal and factual deficiencies with Plaintiff's claims, any one of which provide ample reason to dismiss Count VI.

**i.     Plaintiff's claim in Count VI should be dismissed as time barred.**

Plaintiff's own pleadings establish conclusively that his claim in Count VI (at least as to the Lodge) is time barred. As discussed below, it is not clear if Plaintiff is bringing his conspiracy claim under Illinois state common law or under Section 1983. In either event, the statute of limitations is two years. *Mauvais-Jarvis v. Wong*, 2013 IL App (1st) 120070, P109-110 (Ill. App. 1st Dist. 2013) (A conspiracy claim is "governed by the statute of limitations for the underlying tort."); *Hileman v. Maze*, 367 F.3d 694, 696 (7th Cir. 2004) (confirming that Section 1983 actions are governed by state the limitations period for personal injury, which is two years in Illinois). However, a cause of action does not accrue until a "plaintiff knows or should know that his or her constitutional rights have been violated." *Id.* A Plaintiff pursuing a conspiracy claim "may recover only for the overt acts . . . that they specifically alleged to have occurred within the . . . limitations period." *Scherer v. Balkema*, 840 F.2d 437, 439 (7th Cir. Ill. 1988) (internal quotations and citations omitted).

In this case, Plaintiff knew that his rights may have been violated no later than January 2011, because he alleged that the incident triggering this lawsuit occurred then (Docket # 34, ¶ 15-17). Moreover, the Collective Bargaining Agreement at issue then became effective June 2010 (Ex. A, p. 57). The Lodge was not added as a party defendant to this lawsuit until September 15, 2015, well

more than two years after any potential claim accrued. Assuming Plaintiff's original Complaint was timely as to the original Defendants, that fact would not relieve him of the requirement to bring timely new claims against new Defendants in any amended pleadings. *King v. One Unknown Federal Correction Officer, 201 F.3d 910, 914 (7th Cir. 2000)*. The Lodge had no knowledge of Plaintiff's complaint in this case until it was served on September 17, 2015 (Docket # 44).

As the untimeliness of Plaintiff's claim against the Lodge in Count VI is clear based on Plaintiff's own allegations, it must be dismissed.

### ii. Plaintiff's claim against the Lodge is unsupported by the facts and existing law.

Even if found to be timely, Plaintiff's claim against the Lodge is unwarranted by the facts and existing law. The precise nature of the alleged equal protection conspiracy is not clear from Plaintiff's Second Amended Complaint, nor is it clear if Plaintiff is bringing its civil conspiracy claim under state common law or Section 1983. Regardless of the legal theory upon which Plaintiff may settle, Plaintiff's claim against the Lodge should be dismissed for failure to state a claim.

The first problem with Plaintiff's Fourteenth Amendment claim in Count VI is that the Lodge is a private association. Private entities "are not state actors" and can only face constitutional liability where they are "a willful participant in joint action with the State or its agents[.]" *Gramenos v. Jewel Companies, 797 F.2d 432, 435 (7th Cir. 1986)*. Thus, to attach liability to a private party, a plaintiff must establish "an agreement on a joint course of action in which the private party and the state have a common goal." *Id.* "To establish conspiracy liability in a § 1983 claim, the plaintiff must show that (1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer, 776*

*F.3d 500, 510 (7th Cir. 2015)* (citation omitted). Such conspiracies must be plead with particularity pursuant to Rule 9(b) of the Federal Rules of Civil Procedure. *Borseloino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 509 (7th Cir. 2007).

The standard to plead and prove a conspiracy is similar under Illinois law: "[c]ivil conspiracy consists of a combination of two or more persons for the purpose of accomplishing by some concerted action either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62 (Ill. 1984). The purpose of the common law conspiracy claim "is to extend liability in tort beyond the active wrongdoer to those who have merely planned, assisted or encouraged the wrongdoer's acts." *Id.* Thus, "[t]o state a cause of action for conspiracy, a plaintiff must allege not only that one of the conspirators committed an overt act in furtherance of the conspiracy, but also that such act was tortious or unlawful in character." *Id.* at 63.

Generally, "[t]o state a prima facie case under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must demonstrate that she: (1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse . . . action; (4) was treated differently from members of the unprotected class; and (5) the defendant acted with discriminatory intent." *McPhaul v. Bd. of Comm'rs*, 226 F.3d 558, 564 (7th Cir. 2000).[3]

Plaintiff's claim first fails because Plaintiff has not plead an overt, tortious or unlawful act in furtherance of the conspiracy. Plaintiff alleges only that it was "[t]he signing of the contract between the City of Chicago and the Fraternal Order of Police, Chicago Lodge Number 7. . . [which] constituted the act in furtherance of that conspiracy, thereby granting rights to the members of the

---

[3] To the extent Plaintiff is alleging anything other than a general Fourteenth Amendment violation, which might require other *prima facie* elements, it is far from clear from his Second Amended Complaint.

Fraternal Order of Police, Chicago Lodge Number 7, over and above those enjoyed by other citizens of the City of Chicago, including plaintiff." (Docket # 43, ¶ 38).  Put simply, the signing of a collective bargaining agreement, which is specifically authorized by the Illinois Public Labor Relations Act, *5 ILCS 315/1*, *et seq.*, is not a tortious or unlawful act.  Absent a tortious or unlawful act in furtherance of a conspiracy, Plaintiff has no claim against the Lodge.  *Beaman, 776 F.3d at 510; Adcock, 164 Ill.2d at 63.*

Plaintiff also has not alleged a deprivation of a constitutional right in Count VI beyond his conclusory claim that Defendants conspired to grant Lodge members "rights over and above the rights enjoyed by other citizens of Chicago, including Plaintiff, in violation of their right to equal protection guaranteed by the Fourteenth Amendment of the U.S. Constitution." (Docket # 43, ¶ 37).  The Lodge presumes that Plaintiff is not seeking to attach liability to it for the discrete actions of January 2011.  Rather, by alleging a conspiracy with the City, Plaintiff must be challenging some "policy or custom," consistent with *Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)*.

It appears that Plaintiff's concern is the fact that the Collective Bargaining Agreement provides a "Bill of Rights" for officers being investigated for malfeasance (Docket # 43, ¶ 40).  However, the inclusion of job protection provisions in the Collective Bargaining Agreement in no way deprives anyone else of rights protected by the Fourteenth Amendment.  The Bill of Rights in Article 6 resulted from the parties' collective bargaining process.  The Lodge fails to see how its success in obtaining employment safeguards for Police Officers could ever be construed to be a policy or custom which somehow deprives Plaintiff of the equal protection of any of the laws of the United States or Illinois.  Negotiating for and providing employment safeguards to public employees does

not, as a matter of fact, law and logic, cause injury to or otherwise deprive the general public of any rights.

Further, Plaintiff's claim should be dismissed because the "citizens of Chicago" are not a protected class[4] under the Fourteenth Amendment. *See, Upah v. Thornton Dev. Auth., 632 F. Supp. 1279, 1281 (D. Colo. 1986)* ("A class composed of nonresidents is not, however, within the protection of § 1985(3)"). Such a distinction is particularly inapt here, because all Chicago Police Officers are required to be citizens of Chicago.[5] To the extent Plaintiff is thinking of a different protected class (everyone who is not a police officer? – also not a protected class), it is unclear from his Complaint. Absent a protected class, there can be no Fourteenth Amendment violation and no conspiracy to engage in such violations.

Plaintiff also cannot establish that he is similarly situated to police officers. The rights of which Plaintiff appears to complain are extended to Police Officers by virtue of their employment by the City of Chicago. Plaintiff has not alleged that he is an employee of the City of Chicago. He may be a resident or citizen of the City of Chicago, which gives him certain rights and obligations. However, the rights and obligations of a City employee significantly differ from those of a resident who is not employed by the City. The Collective Bargaining Agreement also spells out the wages earned by Police Officers (Ex. A, p. 48). Plaintiff is no more similarly situated to Officers in regards to Article 6 than he would be if he were trying to claim the same wages paid to Officers under the Agreement, simply because he is a Chicago resident.

---

[4] Plaintiff does not appear to be asserting a "class of one" claim here, nor could he reasonably do so.

[5] All Chicago Police Officers are required to reside within Chicago city limits. (Ex. A, p. 48).

Plaintiff also has not, and cannot, identify any discriminatory intent relating to the Bill of Rights provision of the Collective Bargaining Agreement (or any other provision of the Collective Bargaining Agreement). The purpose of the Agreement is to establish the terms and conditions of employment for Police Officers below the rank of Sergeant, including procedural protections when they are subject to disciplinary investigations in the performance of their duties (Ex. A, p. 4-9). In providing such work place protections, Article 6 cannot reasonably be understood to have or manifest an intent to discriminate against any group or individual.

## CONCLUSION

For the foregoing reasons, Defendant, Fraternal Order of Police, Chicago Lodge No. 7, respectfully requests that Plaintiff's claims against it be dismissed for failure to state a claim, with prejudice, at Plaintiff's cost, and that the Lodge be awarded any other relief that this Court deems just and equitable.

Respectfully Submitted,

/s/ Pasquale A. Fioretto
One of the Attorneys for Defendant,
Fraternal Order of Police, Chicago Lodge No. 7

Pasquale A. Fioretto
Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Attorney Bar ID. 6204218
Office: (312) 236-4316
Facsimile: (312) 236-0241
Email: pfioretto@baumsigman.com
Email: pryan@baumsigman.com
I:\FOP\Bell, Armani\memo in supt. of mot to dismiss.paf.ww.wpd

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney of record, hereby certifies that on October 29, 2015, he electronically filed the foregoing document, **Defendant, Fraternal Order of Police, Chicago Lodge No. 7's Memorandum in Support of Its Motion to Dismiss,** with the CM/ECF system, which will send notification of such filing to the following:

Lawrence Craig Redmond
Attorney at Law
11747 South Longwood Drive
Chicago, IL 60643
(773) 733-0830
Email: lredmond3@juno.com

Dana M. Pesha
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-3982
Dana.Pesha@cityofchicago.org

Jason Marx
Assistant Corporation Counsel
City of Chicago Department of Law
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-3902
Jason.Marx@cityofchicago.org

                                                 /s/ Pasquale A. Fioretto
                                                 One of the Attorneys for Defendant,
                                                 Fraternal Order of Police, Chicago Lodge No. 7

Pasquale A. Fioretto
Patrick N. Ryan
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
Attorney Bar ID. 6204218
Office: (312) 236-4316
Facsimile: (312) 236-0241
Email: pfioretto@baumsigman.com
Email: pryan@baumsigman.com
I:\FOP\Bell, Armani\memo in supt. of mot to dismiss.paf.ww.wpd