IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARMANI BELL, | ) | |
| | ) | |
| Plaintiff, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| v. | ) | Cause No.    14-cv-6627 |
| | ) | |
| JODY PETER WEIS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT FRATERNAL ORDER OF POLICE, CHICAGO LODGE NO. 7's  MOTION FOR SANCTIONS PURSUANT TO F.R.C.P 11(b) AND 28 U.S.C.A. § 1927 AND PLAINTIFF'S MOTION FOR SANCTIONS PURSUANT TO 28 U.S.C.A. § 1927**

Now comes the plaintiff, ARMANI BELL, by and through his attorney, LARRY REDMOND, and requests this Court to deny the Defendant Fraternal Order of Police (FOP), Chicago Lodge No. 7's motion for sanctions against plaintiff's counsel, and to impose sanctions against the attorney for the FOP, stating as follows:

**STATEMENT OF FACTS**

On September 15, 2015, the plaintiff filed a Second Amended Complaint naming for the first time the Fraternal Order of Police, Chicago Lodge No. 7.  (Dkt. 43).  The complaint alleges, *inter alia*, that the Bill of Rights section of the collective bargaining agreement signed by the FOP and the City of Chicago provides FOP members rights that non-law enforcement persons, including the plaintiff, do not enjoy.  Having been granted these additional rights, the officers who arrested and falsely prosecuted the plaintiff were emboldened to act as they did.  Moreover, the plaintiff's right to equal protection under the Fourteenth Amendment was violated when these officers were granted these additional rights.

The FOP was served on September 17, 2015. (Dkt. 44). On September 29, 2015, counsel for the FOP sent plaintiff's counsel a letter threatening sanctions under F.R.C.P. 11 for having filed the Second Amended Complaint and including the FOP as a defendant. (See Exhibit 1). This was clearly an attempt by counsel for the FOP to chill any effort to hold the FOP accountable for their actions with regard to how law enforcement is conducted in the City of Chicago.[1]

On October 21, 2015, plaintiff's counsel explained, in a telephone conversation with counsel for the FOP, the genuine issue being raised. (See Exhibit 2). Plaintiff's counsel explained that no protected class needed to be claimed in order to obtain relief under the equal protection clause of the Fourteenth Amendment. Plaintiff's counsel apprised counsel for the FOP that the FOP's Motion for Sanctions was itself frivolous, and could subject counsel for the FOP to sanctions. Counsel for the FOP apprised plaintiff's counsel that he would take their conversation under advisement.

On October 26, 2015, counsel for the FOP filed the FOP's Motion for Sanctions. (Dkt. 59).

**LEGAL STANDARD**

In *Price v. City of Chicago, et al.*, No. 13-cv-01785 at pg. 3 (N.D. Ill. Oct. 8, 2015), Judge John W. Darrah wrote, "Sanctions are governed, in part, by Federal Rule of Civil Procedure 11. In filing a pleading and advocating for it, attorneys certify, to the best of their knowledge, information, and belief, that existing law warrants its legal contentions and that its factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). A frivolous argument or claim is 'baseless and made without a reasonable and competent inquiry.' *Fries v. Helsper*, 146 F.3d 452, 458 (7th Cir. 1998) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)). Sanctions are appropriate where the party has not filed a pleading for proper purposes but, instead,

---

[1] Counsel for the FOP also sent plaintiff's counsel a similar letter in another cause of action which included a claim against the FOP. See *Driver v. Chatys, et al.*, 15 C 4041.

asserts its claims simply to harass or cause unnecessary delay or expense. Fed.R.Civ.P. 11(b)(1). The purpose of Rule 11 sanctions 'is to deter baseless filings in the district court.' *Cooney v. Casady*, 735 F.3d 514, 523 (7th Cir. 2013).

"Sanctions may also be issued under 28 U.S.C. § 1927. 'Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.' 28 U.S.C. § 1927. Liability under § 1927 is appropriate where an attorney's conduct is marked by bad faith. *Pacific Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 120 (7th Cir. 1994). 'The Seventh Circuit has concluded that such sanctions are appropriate (1) in instances of a serious and studied disregard for the orderly processes of justice, (2) when an attorney pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, and/or (3) where a claim is without a plausible legal or factual basis and lacking in justification.' *Krukowski v. Omicron Technologies, Inc.*, Case No. 10 C 5282, 2013 WL 708042, at *5 (N.D.Ill. Feb. 26, 2013) (internal quotations and citations omitted). Whether to award sanctions pursuant to Section 1927 is within the discretion of the court. *Jolly Group, Ltd. v. Medline Industries, Inc.*, 435 F.3d 717, 720 (7th Cir. 2006)."

**ARGUMENT**

I. **The Fraternal Order of Police, Chicago Lodge No. 7 Motion for Sanctions is Itself Frivolous and Was Made in Bad Faith**

F.R.C.P 11(b) states in part:

By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

>(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; . . .

Counsel for the FOP was fully aware that the issue raised in plaintiff's Second Amended Complaint contemplated that the additional rights granted to FOP members by the Bill of Rights incorporated in the collective bargaining agreement were in violation of the equal protection clause of the Fourteenth Amendment. Counsels discussed that very issue in their telephone conversation on October 21, 2015. Plaintiff's counsel explained that the Bill of Rights grants officers the right to counsel during any investigation, and the right to postpone any investigation for 24 hours after an incident. These are rights the plaintiff does not have, and these are rights that contributed to the officers believing they could get away with maliciously prosecuting the plaintiff.

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338, 57 USLW 4493 (1989). Plaintiff's Second Amended Complaint contains non-frivolous facts, to wit, that Chicago police officers have rights the plaintiff does not have. Even if the plaintiff's Second Amended Complaint contained only allegations, "Federal Rule of Civil Procedure 26 provides that '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.'" *Jones v. City of Elkhart*, No. 2:10–CV–402–TLS, 2012 WL 2026327, at *4 (N.D. Ind. June 5, 2012). In other words, the federal rules provide the plaintiff the opportunity to discover the facts.

Plaintiff's Second Amended Complaint contains non-frivolous law, to wit, that the additional rights granted to Chicago police officers violate the equal protection clause of the Fourteenth Amendment of the U.S. Constitution. But even if it did not, "[w]hen a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the

plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id*. at 328. "Close questions of federal law, including claims filed pursuant to 42 U.S.C. § 1983, have on a number of occasions arisen on motions to dismiss for failure to state a claim, and have been substantial enough to warrant this Court's granting review, under its certiorari jurisdiction, to resolve them. It can hardly be said that the substantial legal claims raised in these cases were so defective that they should never have been brought at the outset. To term these claims frivolous is to distort measurably the meaning of frivolousness both in common and legal parlance." *Id*. at 328 (Internal cites omitted).

In the instant case, the plaintiff has stated a valid claim against the FOP. Whether the plaintiff will be successful in the pursuit of the claim is yet to be determined. But the claim against the FOP is clearly not frivolous. Counsel for the FOP raised the notion of frivolousness in the hope of dissuading plaintiff's counsel from pursuing a cause of action that could result in these enhanced rights being stripped from FOP members. This was clearly an improper purpose, concocted to harass, cause unnecessary delay, and needlessly increase the cost of litigation.

II.     **Claim Against the Fraternal Order of Police, Chicago Lodge No. 7 Not Time-Barred**

Counsel for the FOP asserts that the claim against the FOP is time-barred. This is incorrect. Granted, the collective bargaining agreement the city and the FOP negotiated became effective in June of 2010. However, the plaintiff had no standing at that time to oppose the agreement. He didn't acquire standing until he was arrested and falsely charged on January 19, 2011. The plaintiff did not have a case for malicious prosecution until he was acquitted in February of 2014. The statute of limitations on the plaintiff's claim that the officers who falsely charged him were emboldened by the protections granted to them by the Bill of Rights in the collective bargaining agreement began to run in February of 2014. The plaintiff has until February of 2016 to add defendants to this cause of action, so his claim against the FOP is not time-barred.

Moreover, even if the plaintiff had mistakenly filed a cause of action against the FOP that was time-barred, it would not, *ipso facto*, be to "harass or cause unnecessary delay or expense." An objective inquiry into the circumstances surrounding the filing would first have to be made. See *B & H Mfg., Inc. v. Foster-Forbes Glass Co., a Div. of American Can Co., Inc.*, 143 F.R.D. 664, 670; *Indianapolis Colts v. Mayor and City of Baltimore*, 775 F.2d 177, 181 (7th Cir.1985); *Glick v. Koenig*, 766 F.2d 265, 270 (7th Cir.1985).

Given that plaintiff's counsel and counsel for the FOP discussed these details by telephone on October 21, 2015, it is itself sanctionable for counsel for the FOP to decide to file a motion for sanctions despite knowing the facts, because his motion was clearly made in bad faith.

III. **Claim Against the Fraternal Order of Police, Chicago Lodge No. 7 Violates the Equal Protection Clause of the Fourteenth Amendment**

Counsel for the FOP next attempts to argue that the fact that the City of Chicago and the FOP signed a collective bargaining agreement which incorporates the officers' Bill of Rights does not violate the equal protection clause of the Fourteenth Amendment. He does this by arguing that the FOP is not a state actor. In a literal sense, that might be true. In the eyes of the law, it might *not* be true. In *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 277, 773 L.Ed.2d 534 (1982), the court used a factor test to ascertain the existence of "state" action. The first factor is, "[t]he complaining party must also show that 'there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself.'" *Id.* at 1004 citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 350, 95 S.Ct. 449, 453. The second factor is, "that a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." *Blum* at 1004 citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 166, 98 S.Ct. 1729, 1738. The last factor is that "the required nexus may be

present if the private entity has exercised powers that are 'traditionally the exclusive prerogative of the State.'" *Blum* at 1005 citing *Jackson v. Metropolitan Edison Co.*, 345, 353, 95 S.Ct. 449, 454. Discovery would have to be conducted to determine what the relationship was between the City of Chicago and the FOP during contract negotiations in order to ascertain whether or not one of these factors applies.

What counsel for the FOP fails to point out is that Count VI of the plaintiff's Second Amended Complaint is merely for conspiracy. Unless and until one of the factors discussed *supra* is established, the only state actors involved here are Defendants Jody Weis and the City of Chicago. They are the ones who violated the plaintiff's right of equal protection guaranteed under the Fourteenth Amendment. That claim is spelled out in Count VII. But they violated the plaintiff's right of equal protection guaranteed under the Fourteenth Amendment after conspiring with Defendant FOP to do so.

Counsel for the FOP continues by arguing that the elements of an equal protection claim are stated in *McPhaul v. Bd. of Comm'rs*, 226 F.3d 558 (7th Cir. 2000), to wit, plaintiff "(1) is a member of a protected class; (2) is otherwise similarly situated to members of the unprotected class; (3) suffered an adverse employment action; (4) was treated differently from members of the unprotected class; and (5) the defendant acted with discriminatory intent." *Id.* at 564. Counsel for the FOP then spends three pages arguing that the plaintiff is not a member of a protected class. His arguments are for naught, however, because *McPhaul* simply does not apply to the instant case. *McPhaul* outlines the criteria for determining when heightened scrutiny should be applied by the court in an employment case.

"The lesson of [*Massachusetts Bd. of Retirement v. Murgia*, (1976) 427 U.S. 307, 96 S.Ct. 2562] is that where individuals in the group affected by a law have distinguishing characteristics relevant to interests the State has the authority to implement, the courts have been very reluctant, as they

Case: 1:14-cv-06627 Document #: 66 Filed: 11/08/15 Page 8 of 15 PageID #:517

should be in our federal system and with our respect for the separation of powers, to closely scrutinize legislative choices as to whether, how, and to what extent those interests should be pursued. In such cases, the Equal Protection Clause requires only a rational means to serve a legitimate end." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 105 S.Ct. 3249 (1985). In other words, absent a suspect class, heightened scrutiny will not be applied. Therefore, the analysis as applied in *McPhaul* is inapposite.

"[A] suspect class is one 'saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process.'" *Massachusetts Bd. of Retirement v. Murgia*, (1976) 427 U.S. 307, 96 S.Ct. 2562. There is no apparent suspect class in the case at bar, and counsel for the FOP knew that. During their telephone conversation of October 21, 2015, plaintiff's counsel apprised counsel for the FOP that this claim would be subject to a rationality review by the court, *i.e.*, that no suspect class was involved. Counsel for the FOP ignored plaintiff's counsel's counsel, and filed a motion for sanctions based on frivolousness anyway. His motion for sanctions was filed in bad faith, and for that, he should himself be sanctioned.

It is clear that the plaintiff has filed his pleading for proper purposes, and has not asserted his claims simply to harass or cause unnecessary delay or expense. The issue he has raised against the FOP is genuine. It is also clear that counsel for the FOP has not filed a motion for sanctions for proper purposes but, instead, asserts his claims simply to harass. Therefore, counsel for the FOP should be sanctioned.

WHEREFORE, the plaintiff requests that this Court deny the FOP's motion for sanctions against plaintiff's counsel, and impose sanctions on counsel for the FOP pursuant to 28 U.S.C.A. § 1927 for filing a frivolous motion for sanctions in bad faith against plaintiff's counsel, which required the expenditure of time and resources to respond to it.

        Respectfully submitted,

        /s/Larry Redmond
        Larry Redmond
        11747 S. Longwood Dr.
        Chicago, Illinois 60643
        773-733-0830
        Lredmond3@juno.com
        Attorney #6192358

# Exhibit 1

**BAUM SIGMAN AUERBACH & NEUMAN, LTD.**
Attorneys and Counsellors



200 West Adams Street, Suite 2200
Chicago, IL 60606-5231
312.236.4316
Fax 312.236.0241

September 29, 2015

Pasquale A. Fioretto
Admitted in IL and WI

Direct dial 312-216-2566
pfioretto@baumsigman.com

VIA EMAIL: lredmond3@juno.com
(also sent REGULAR MAIL)
Mr. Lawrence Craig Redmond
Attorney at Law
11747 South Longwood Drive
Chicago, IL  60643

      RE:    Armani Bell v. Jody Peter Weis, *et al.*
                Case No. 14 C 6627
                Our File No. 26470

Dear Mr. Redmond:

We are the attorneys for the Fraternal Order of Police, Chicago Lodge No. 7.

We have had a chance to review the Second Amended Complaint filed in the above captioned case, wherein you add the Lodge as a party defendant. Having carefully considered your Complaint, it is clear that you have no legal or factual basis for pursuing any claim against the Lodge. Accordingly, unless the claim against the Lodge is dismissed or otherwise withdrawn within 21 days of the date of this letter, the Lodge will file a motion for sanctions against you in substantially the same form as the attached.

In order to comply with the 21 day safe harbor provision of Rule 11, we will be filing a motion for an extension of time to answer or otherwise plead until October 29, 2015. Please advise by October 5, 2015 whether you have any objection to such a motion.

                                       Very truly yours,

                                       BAUM SIGMAN AUERBACH & NEUMAN, LTD.

                                       Pasquale A. Fioretto

PAF/kp
Enclosure
cc:    Dean Angelo, Sr. (via email)
I:\FOP\Bell, Armani\redmond 09-29-15.paf.kp.wpd

# Exhibit 2

Current Invoice

# Invoice J102105819

Printable Version (/Billing/ViewPastStatement?invoiceGroup=41151027)

## Balance: $0.00

Due to payments or adjustments since your invoice generated, your Current Balance is now different than the Total Charges from your current e-Invoice.

| | |
|---|---|
| Account Number | 3583675100 |
| Invoice Number | J102105819 |
| Invoice Close Date | 10/26/2015 |
| **Due Date** | **11/17/2015** |

## Summary of Charges

**Balance Information**

| | |
|---|---|
| Previous Balance | $153.03 |
| Payments | -$153.03 |
| Adjustments | -$10.00 |
| **Credit Balance** | **-$10.00** |
| Usage | $0.00 |
| Monthly Access Fee | $130.00 |
| Surcharge & Other Charges | $9.16 |
| Government Taxes & Fees | $20.30 |
| AARP Member Discount | -$6.50 |
| **Total Charges** | **$152.96** |

## Detailed Account Charges and Payments

| Payments | Date | Amount |
|---|---|---|
| Lock Box | 10/7/2015 | -$153.03 |
| **Total** | | **-$153.03** |

| Adjustments | Date | Amount |
|---|---|---|
| Retail Sim Credit | 10/12/2015 | -$10.00 |
| **Total** | | **-$10.00** |

| Member Discount | | Amount |
|---|---|---|
| AARP Member Discount | | -$6.50 |
| **Total** | | **-$6.50** |

| Surcharges & Other Charges | Rate | Amount |
|---|---|---|
| Fed USF Cellular: Federal | 16.70 | $2.59 |
| FCC Regulatory Fee (Wireless): Federal | 0 | $0.09 |
| Operational Compliance Fee | 0 | $6.48 |
| **Total** | | **$9.16** |

| Government Taxes & Fees | Rate | Amount |
|---|---|---|
| Communications Service Tax: Calumet Park | 5.00 | $6.63 |
| Communications Service Tax: IL | 7.00 | $9.29 |
| E911 (Wireless): IL | 0 | $4.38 |
| **Total** | | **$20.30** |

## Detailed Usage and Charges for (630) 805-0981 (Lawrence)

| | Billing Start Date | Billing End Date | Rate | Minutes / Occurrences Min/Msg | Charges |
|---|---|---|---|---|---|
| **Monthly Access Fee** | | | | | |
| Unlimited Minutes | 9/27/2015 | 10/26/2015 | | | $50.00 |
| 3GB / Unlimited Texts | 9/27/2015 | 10/26/2015 | | | $30.00 |
| **Subtotal** | | | | | **$80.00** |

Usage

Back (/)

| Usage | | |
|---|---|---|
| Billed Talk Minutes | 1486 | $0.00 |
| Free In-Account Talk Minutes | 260 | $0.00 |
| Complimentary Talk Minutes | 206 | $0.00 |
| **Subtotal Talk Minutes** | **1952** | **$0.00** |
| Billed Messages | 338 | $0.00 |
| Free Messages | 2 | $0.00 |
| **Subtotal Messaging Charges** | **340** | **$0.00** |
| Free Wireless Web Megabytes | 281.33 | $0.00 |
| **Subtotal Wireless Web Megabytes** | **281.33** | **$0.00** |

| **Total Charges for Service Number (630) 805-0981 for Lawrence** | **Total Charges for Service Number (630) 805-0981 for Lawrence** | **$80.00** |
|---|---|---|

## Talk Usage Hide Details

| Date | Time | City Called | Number Called | Feature | Min. (Minutes) | Minute Charges | Other Charges | Total Charges |
|---|---|---|---|---|---|---|---|---|
| 9/27/15 | 9:51 A | Las Vegas, NV | (702) 203-6909 | | 36 | | | $0.00 |
| 9/27/15 | 12:32 P | Incoming | (317) 586-1344 | | 50 | | | $0.00 |
| 9/27/15 | 1:29 P | Incoming | (708) 514-9590 | | 3 | | | $0.00 |
| 9/27/15 | 2:56 P | Voice Mail | Voice Mail | Voice Mail Retrieval | 1 | | | $0.00 |
| 9/27/15 | 2:59 P | Incoming | (317) 604-5045 | | 12 | | | $0.00 |
| 9/27/15 | 3:10 P | LA Grange, IL | (708) 514-9590 | | 2 | | | $0.00 |
| 9/27/15 | 3:25 P | Chicago Zone, IL | (773) 268-1373 | | 1 | | | $0.00 |
| 9/27/15 | 3:45 P | LA Grange, IL | (708) 514-9590 | | 1 | | | $0.00 |
| 9/28/15 | 10:22 A | Incoming | (713) 654-3000 | | 12 | | | $0.00 |
| 9/28/15 | 11:09 A | Incoming | (312) 927-2689 | | 2 | | | $0.00 |
| 9/28/15 | 12:21 P | Incoming | (317) 586-1344 | | 18 | | | $0.00 |
| 9/28/15 | 12:45 P | Chicago Zone, IL | (312) 746-7730 | | 1 | | | $0.00 |
| 9/28/15 | 12:46 P | Chicago Zone, IL | (773) 456-4543 | | 2 | | | $0.00 |
| 9/28/15 | 12:50 P | Detroit Zone, MI | (313) 598-6188 | | 2 | | | $0.00 |
| 9/28/15 | 1:13 P | Incoming | (317) 604-5045 | | 9 | | | $0.00 |
| 9/28/15 | 1:21 P | Chicago Zone, IL | (312) 927-2689 | | 5 | | | $0.00 |
| 9/28/15 | 1:27 P | Shelbyville, IN | (317) 604-5045 | | 10 | | | $0.00 |
| 9/28/15 | 2:10 P | Incoming | (317) 604-5045 | | 2 | | | $0.00 |
| 9/28/15 | 2:20 P | Incoming | (317) 604-5045 | | 2 | | | $0.00 |

| Date | Time | Location | Number | Type | Min | Cost |
|---|---|---|---|---|---|---|
| 10/17/15 | 8:58 A | Voice Mail | Voice Mail | Retrieval | 1 | $0.00 |
| 10/17/15 | 1:17 P | Chancellor, VA | (540) 412-2036 | | 1 | $0.00 |
| 10/17/15 | 1:42 P | Incoming | (540) 412-2036 | | 1 | $0.00 |
| 10/17/15 | 2:49 P | ---------- | (219) 381-7576 | | 9 | $0.00 |
| 10/17/15 | 2:58 P | Voice Mail | Voice Mail | Voice Mail Retrieval | 1 | $0.00 |
| 10/17/15 | 2:58 P | Chancellor, VA | (540) 412-2036 | | 3 | $0.00 |
| 10/17/15 | 3:23 P | Incoming | (219) 381-7576 | | 1 | $0.00 |
| 10/18/15 | 1:30 P | Chicago Zone, IL | (312) 894-9892 | | 2 | $0.00 |
| 10/18/15 | 1:41 P | Incoming | (312) 894-9892 | | 17 | $0.00 |
| 10/18/15 | 3:03 P | ---------- | (219) 381-7576 | | 1 | $0.00 |
| 10/18/15 | 6:22 P | Chicago Zone, IL | (773) 600-7499 | | 1 | $0.00 |
| 10/18/15 | 6:23 P | Chicago Zone, IL | (773) 600-7499 | | 5 | $0.00 |
| 10/19/15 | 9:45 A | Incoming | (866) 746-7622 | | 1 | $0.00 |
| 10/19/15 | 10:15 A | Incoming | (586) 321-3752 | | 2 | $0.00 |
| 10/19/15 | 11:23 A | Incoming | (312) 214-8813 | | 21 | $0.00 |
| 10/19/15 | 11:49 A | Incoming | (312) 214-8813 | | 3 | $0.00 |
| 10/19/15 | 2:39 P | Incoming | (708) 870-1525 | | 11 | $0.00 |
| 10/19/15 | 3:05 P | Incoming | (630) 631-6103 | | 4 | $0.00 |
| 10/19/15 | 3:17 P | Aurora-Auror, IL | (630) 631-6103 | | 1 | $0.00 |
| 10/19/15 | 3:18 P | Incoming | (818) 206-4554 | Call Waiting | 1 | $0.00 |
| 10/19/15 | 3:18 P | Aurora-Auror, IL | (630) 631-6103 | | 6 | $0.00 |
| 10/19/15 | 3:25 P | Incoming | (312) 742-5146 | | 2 | $0.00 |
| 10/19/15 | 4:10 P | Incoming | (219) 381-7576 | | 5 | $0.00 |
| 10/19/15 | 6:15 P | Carroll, IA | (712) 775-7031 | | 23 | $0.00 |
| 10/19/15 | 8:01 P | Incoming | (219) 381-7576 | | 5 | $0.00 |
| 10/20/15 | 9:10 A | Incoming | (312) 214-8813 | | 2 | $0.00 |
| 10/20/15 | 12:24 P | Incoming | (312) 256-7171 | | 3 | $0.00 |
| 10/20/15 | 5:58 P | Incoming | (773) 420-8215 | | 2 | $0.00 |
| 10/20/15 | 7:52 P | Voice Mail | Voice Mail | Voice Mail Retrieval | 1 | $0.00 |
| 10/20/15 | 8:13 P | Incoming | (219) 381-7576 | | 9 | $0.00 |
| 10/21/15 | 7:44 A | Voice Mail | Voice Mail | Voice Mail Retrieval | 3 | $0.00 |
| 10/21/15 | 12:23 P | Voice Mail | Voice Mail | Voice Mail Retrieval | 5 | $0.00 |
| 10/21/15 | 12:29 P | Chicago Zone, IL | (312) 216-2566 | | 5 | $0.00 |
| 10/21/15 | 5:20 P | Chicago Zone, IL | (773) 420-8215 | | 2 | $0.00 |
| 10/21/15 | 5:33 P | Incoming | (540) 412-2036 | | 3 | $0.00 |
| 10/21/15 | 7:54 P | ---------- | (219) 381-7576 | | 19 | $0.00 |
| | | | | Voice Mail | | |