IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARMANI BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 14 C 6627 |
| ) | |
| OFFICER STANEK, in his official and ) | Judge Joan H. Lefkow |
| individual capacities, OFFICER REIFF, in his ) | |
| official and individual capacities, and ) | |
| FRATERNAL ORDER OF ) | |
| POLICE-CHICAGO LODGE NUMBER 7, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Armani Bell makes claims against former Chicago Police Department Superintendent Jody Peter Weis,[1] Chicago Police officers Stanek and Reiff, and the Fraternal Order of Police-Chicago Lodge Number 7 (FOP) alleging that they violated Bell's civil rights, conspired against him, and maliciously prosecuted him. (Dkt. 43.) The City and officer-defendants have moved under Rule 12(b)(6) to dismiss Bell's second amended complaint (dkts. 51, 54). FOP has moved to dismiss and for sanctions under Rule 11 of the Federal Rules of Civil Procedure. (Dkts. 63,

---

[1] Since Bell's claims are brought against Weis in his official capacity, they amount to claims against the City, as an official capacity claim against a government official is a suit against the "government entity of which the official is a part." *Sanville* v. *McCaughtry*, 266 F.3d 724, 732 (7th Cir. 2001) (citation omitted); *see also Kentucky* v. *Graham*, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Since Weis no longer holds the office of Superintendent, his name is removed from the caption.

1

59). For the reasons discussed below, defendants' motions to dismiss (dkts. 54, 54, 63) are granted and FOP's motion for sanctions (dkt. 59) is granted.[2]

## BACKGROUND[3]

The court summarized the allegations of the first amended complaint in its ruling granting motions to dismiss that complaint. (*See* dkt. 38.) Those allegations need not be repeated here other than to identify the few differences between the first and second amended complaints. (*Compare* dkt. 23 ¶¶ 8–20, *with* dkt. 43 ¶¶ 8–20; *see* dkt. 43 ¶¶ 37–42, 44.) The first amended complaint alleged that Bell was charged with murder after being picked out of an unduly suggestive lineup. (Dkt. 23 ¶ 17.) The court dismissed the claim because Bell could not allege the conduct deprived him of his right to a fair trial. In the second amended complaint Bell asserts an entirely new claim–that while in police custody between January 17, 2011 and January 19, 2011, Stanek and Reiff, in an effort to persuade Bell to falsely implicate Berney Lockheart in the murder under investigation, tortured and repeatedly beat him and, because Bell refused to succumb, charged Bell with the murder, in violation of his Fourth Amendment right to be free from unreasonable search and seizure. (Dkt. 43 ¶¶ 17, 22.) Bell also newly alleges that a collective bargaining agreement (CBA) negotiated between the City and FOP provided Chicago police officers when subject to interrogation rights above those of non-police officers including himself, in violation of his right to equal protection of the laws. (*Id.* ¶¶ 37–42, 44).[4]

---

[2] The court has jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367(a). Venue is appropriate in this district under 28 U.S.C. § 1391(b).

[3] Unless otherwise noted, the following facts are taken from Bell's seconded amended complaint and are presumed true for the purpose of resolving the pending motions. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) (citation omitted).

[4] In summary, Count I is against Stanek for excessive force under § 1983; Count II is against Reiff for excessive force under § 1983; Count III is against both Stanek and Reiff for

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief may be granted. In ruling on such a motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal*, 635 F.3d at 886 (citation omitted). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis, but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Johnson* v. *City of Shelby*, 574 U.S. ---, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim showing the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citations omitted)).

**ANALYSIS**

**I.      Federal Law Claims**

Defendants contend that all of Bell's federal claims are barred by the statute of limitations. While true that statutes of limitations provide an affirmative defense that need not be

---

civil conspiracy (apparently under Illinois law); Count IV is against Stanek and Reiff for malicious prosecution (apparently under Illinois law); Count V asserts a "*Monell* claim" against the City, *see infra* note 7; Count VI is against FOP and the City claiming a conspiracy under § 1983 or § 1985; and Count VII is against the City under § 1983 for the conduct alleged in Count VI.

3

anticipated in the complaint to survive a motion to dismiss, *United States* v. *Lewis,* 411 F.3d 838, 842 (7th Cir. 2005), "a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims," *Tamayo* v. *Blagojevich,* 526 F.3d 1074, 1086 (7th Cir. 2008). Therefore, where "the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense," the court may dismiss a claim on a Rule 12(b)(6) motion. *Lewis*, 411 F.3d at 842. But "[u]nless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." *Foss* v. *Bear, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005). Here, the facts create an ironclad defense.

The statute of limitations for § 1983 claims is that of the forum state's statute of limitations for personal injury claims, which in Illinois is two years. *See Wallace* v. *Kato,* 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007); 735 Ill. Comp. Stat. 5/13–202. Although state law governs the statute of limitations, federal law controls when the limitations period begins to run. *See Wallace*, 549 U.S. at 388. Section 1983 claims accrue when the plaintiff could have sued for the alleged constitutional injury. *See Hileman* v. *Maze*, 367 F.3d 694, 696 (7th Cir. 2004) ("First, a court must identify the injury . . . [and second], it must determine the date on which the plaintiff could have sued for that injury."); *see also Wallace*, 549 U.S. at 388 (noting that a § 1983 claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief" (citations omitted)). The same statute of limitations that applies to § 1983 claims brought against individuals also applies to *Monell* claims, *see White* v. *City of Chi.*, No. 11 C 7802, 2014 WL 958714, at *2 (N.D. Ill. Mar. 12, 2014), and §§ 1983 and 1985 conspiracy claims, *see Mehta* v. *Beaconridge Improvement Ass'n*, 432 F. App'x 614, 617 (7th Cir. 2011); *Manley* v. *City of Chi.*, 236 F.3d 392, 395 (7th Cir. 2001).

4

### A. Fourth Amendment Claims Against Stanek And Reiff (Counts I And II)

Bell's allegations of the officers' use of excessive force occurred while he was in police custody, *i.e.*, sometime between January 17, 2011 and January 19, 2011, the date he was charged with murder. As such, Bell had a "complete and present cause of action" at the latest on the 19th. As such, the claim is barred by the statute of limitations.[5]

Accordingly, counts I and II must be dismissed with prejudice.[6]

### B. *Monell* Claims Against The City (Count V)

Count V alleges that the City is vicariously liable for Stanek and Reiff's alleged conduct. As was true on the earlier motion to dismiss (as indicated in dkt. 38 at 4), the parties agree that Bell is asserting a *Monell* claim, through which local governments may be held liable for constitutional violations arising from their policies, customs, or practices. *See Monell* v. *Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); *see also Darchak* v. *City of Chi. Bd. of Educ.*, 580 F.3d 622, 629 (7th Cir. 2009).[7] As stated above, a

---

[5] Bell's original complaint was filed on August 27, 2014 (dkt. 1). His first amended complaint was filed on March 28, 2015 (dkt. 22), and refiled on March 30, 2015, with the names of the officer defendants corrected (dkt. 23). Neither of these complaints alleged any facts relating to Stanek and Reiff's torture of Bell. Bell's response to the motion does not explicitly address the statute of limitations. (*See* dkt. 68.)

[6] It is not entirely clear whether Bell's civil conspiracy (count III) and malicious prosecution (count IV) claims against Stanek and Reiff are based in federal or state law. *See infra,* note 7. This court previously assumed that they were based in state law. (*See* dkt. 38 at 5.) Nonetheless, to the extent that Bell is alleging that Stanek and Reiff conspired to violate his constitutional rights—a permissible § 1983 claim—that claim suffers from the same statute of limitations problem as the Fourth Amendment claims since all of the conduct relating to the conspiracy occurred between January 17 and January 19, 2011. Likewise, to the extent that Bell's malicious prosecution claim is intended to be brought under § 1983, the claim is also untimely.

[7] Bell's *Monell* allegations (labeled as *respondeat superior* liability) conflate the City's vicarious liability under Illinois law and its *Monell* liability under federal law. For simplicity, the court considers only any potential federal claim in its *Monell* analysis. A malicious prosecution

*Monell* claim is also brought under § 1983 and must be filed within the statute of limitations period.

Accordingly, count V is dismissed with prejudice.

C. **Equal Protection and Conspiracy Claims Against The City And FOP (Counts VI And VII)**

Bell alleges that the City violated, and FOP conspired to violate, Bell's right to equal protection of the laws. His theory seems to be that the City and FOP, by entering into a CBA which contains a "Bill of Rights" for police officers under investigation for misconduct that effectively immunizes them from being disciplined, amounts to an equal protection violation.[8] The Equal Protection Clause of the Fourteenth Amendment protects "the right to be free from invidious discrimination in statutory classifications and other governmental activity." *Nabozny* v. *Podlesny,* 92 F.3d 446, 453 (7th Cir. 1996) (quoting *Harris* v. *McRae,* 448 U.S. 297, 322, 100 S.

---

claim cannot form the basis of a § 1983 claim when state law, as is the case in Illinois, provides an adequate remedy. *See Newsome* v. *McCabe*, 256 F.3d 747, 750 (7th Cir. 2001); *see also Saunders-El* v. *Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) ("In *Newsome*, we established that the existence of a state law claim for malicious prosecution renders unavailable § 1983 as a vehicle for bringing a federal malicious prosecution claim."); *Serino* v. *Hensley*, 735 F.3d 588, 592–93 (7th Cir. 2013); *Fox* v. *Hayes*, 600 F.3d 819, 840–842 (7th Cir. 2010); *Brooks* v. *City of Chi.*, 564 F.3d 830, 833 (7th Cir. 2009). Neither do the allegations support the finer point that claims involving the fabrication of evidence—even though they may bear similarities to state-law malicious prosecution claims—can be brought under § 1983 if there has been a deprivation of liberty. *See Sanders-El*, 778 F.3d at 559–62; *Whitlock* v. *Brueggemann*, 682 F.3d 567, 580 (7th Cir. 2012) ("We have consistently held that a police officer who manufacturers false evidence against a criminal defendant violates due process if that evidence is later used to deprive her of liberty in some way.").

[8] Bell referred to but did not attach a copy of the CBA to his complaint. FOP attached a copy in response to Bell's motion to dismiss (*see* dkt. 64-1), which Bell has also quoted from during his briefing, (*see, e.g.*, dkt. 67 at 2). The court may consider the CBA here without converting defendants' motions to dismiss into motions for summary judgment. *See Wright* v. *Associated Ins. Cos.*, 29 F.3d 1244, 1248 (7th Cir. 1994) (noting that a court may consider documents attached to a motion to dismiss "if they are referred to in the plaintiff's complaint and are central to his claims").

6

Ct. 2671, 65 L. Ed. 2d 784 (1980)). As such, a plaintiff must show that similarly situated persons are treated unequally and that there is no rational basis for the unequal treatment. *See Srail* v. *Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009) ("Rational basis review requires the plaintiff to prove that (1) the state actor intentionally treated plaintiffs differently from others similarly situated; (2) this difference in treatment was caused by the plaintiffs' membership in the class to which they belong; and (3) this different treatment was not rationally related to a legitimate state interest.")

There are a host of problems with these claims, including the dubious proposition that FOP members are similarly situated with police detainees for purposes of equal protection analysis. But even if the alleged facts supported an equal protection violation, the claims would be time-barred since all of the acts necessary for Bell to bring the claims (the signing of the CBA and Stanek and Reiff's interrogation of Bell) occurred before charges were pressed against him on January 19, 2011. Bell argues that these equal protection claims did not accrue until his malicious prosecution claim accrued at his acquittal. The argument seems to be grounded in the rule of *Heck* v. *Humphrey*, 512 U.S. 477, 489–90, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), that a §1983 claim for an unconstitutional conviction or sentence does not accrue until the conviction or sentence is invalidated. This argument, however, is precisely contrary to Seventh Circuit precedent. *See Gonzalez* v. *Quezada*, No. 10 C 458, 2011 WL 613553, at *1–2 (N.D. Ill. Feb. 9, 2011) (declining to apply *Heck* to the plaintiff's equal protection clause § 1983 claim based on police misconduct because the claim accrued when the plaintiff was arrested as by that point the plaintiff knew or should have known that his constitutional rights had been violated); *see also Limestone De*v. *Corp.* v. *Vill. of Lemont*, 520 F.3d 797, 805 (7th Cir. 2008) (noting that § 1983 equal protection claims accrue at the time of the alleged bad act); *Brooks* v. *Ross*, 578

7

F.3d 574, 579 (7th Cir. 2009) (noting that § 1983 conspiracy to prosecute claim accrued on date of indictment); *Mehta*, 432 F. App'x at 617 (7th Cir. 2011) (finding § 1983 conspiracy claim was untimely because all of the acts connected to the conspiracy occurred outside of the statute of limitations). Bell's original complaint was not filed until August 27, 2014, and, therefore, even if he had made these allegations in that complaint against both the City and FOP, it would have been untimely.

Accordingly, counts VI and VII are dismissed with prejudice.

## II. State Law Claims

With no remaining federal claims, the court declines to exercise supplemental jurisdiction over Bell's claims of civil conspiracy and malicious prosecution against Reiff and Stanek. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"); *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial.").

Accordingly, Bell's state law claims are dismissed without prejudice to refiling in state court.

## III. Sanctions

FOP argues that sanctions should be imposed against Bell's attorney for filing a complaint that was not grounded in law or fact. (Dkt. 59.) In this motion, FOP makes the same arguments it makes in support of its motion to dismiss—that the claims are barred by the statute

8

of limitations and are not warranted by existing law.[9] Bell responds that the claims are not time-barred and that FOP's assertion that his equal protection claim is groundless is itself groundless.

FOP asserted in its demand letter that Bell had no legal or factual basis for pursuing any claim against it. Bell refers to a conversation with opposing counsel in which counsel asserted that an equal protection claim can only be brought if a suspect class is involved. Bell's counsel rejected that assertion, correctly countering that a suspect class is not required to assert an equal protection claim. *See St. John's United Church of Christ* v. *City of Chi.*, 502 F.3d 616, 637–38 (7th Cir. 2007) ("If no fundamental rights or suspect categories are at issue, '[t]he general rule is that legislation is presumed to be valid and will be sustained if the classification drawn by the statute is rationally related to a legitimate state interest.'" (quoting *City of Cleburne* v. *Cleburne Living Ctr.*, 473 U.S. 432, 440, 105 S. Ct. 3249, 87 L. Ed. 2d 313 (1985)) (alteration in original).[10] Bell, however, does not articulate a "no rational basis" theory wherein the City (alone or in a conspiracy with FOP) intentionally treated plaintiff differently from others similarly situated. In the first instance, the CBA does not apply to Bell, so how could he be treated differently under that agreement? Further, as FOP points out, a police officer under criminal investigation is not protected by the CBA's Bill of Rights and is thus not treated differently from Bell. As a citizen of the City of Chicago, Bell might suggest that FOP members (who must also reside in the City) are treated more favorably by the City with respect to discipline in employment. But that has nothing to do with the facts presented here. Nor is there any authority

---

[9] Fed. R. Civ. P. 11(b)(2) imposes a duty to file pleadings that "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

[10] In its reply brief (dkt. 70 at 4), FOP appears to recognize this point—attributing its original statement of law to its difficulty in deciphering the allegations in Bell's complaint.

indicating that an arrestee in police custody is similarly situated to a public employee with respect to investigation of misconduct. The equal protection claim asserted is so far from the mainstream of equal protection analysis that it cannot be fairly described as a nonfrivolous argument for extending or changing existing law.

As such, the court finds that Bell, by his counsel, in filing the second amended complaint against FOP, having been specifically reminded by this court that an amended complaint must be consistent with Rule 11 (*see* dkt. 38), has violated Rule 11(b)(2). The court does not accept FOP's argument that the complaint was filed to harass FOP. Rather, it infers that counsel's effort to obtain a favorable outcome for his client resulted in a legally frivolous complaint against FOP. As such, the court grants the motion and imposes the sanction of an admonition to Bell's counsel that he is obligated and expected to have an objectively reasonable basis for filing a law suit in this court.

Accordingly, FOP's motion for sanctions is granted.

## CONCLUSION AND ORDER

Defendants' motions to dismiss (dkts. 51, 54, 63) are granted. Plaintiff's federal claims are dismissed with prejudice. His state law claims are dismissed without prejudice to refiling in state court. FOP's motion for sanctions is granted (dkt. 59). This case is terminated.

Date: June 17, 2016

_____
U.S. District Judge Joan H. Lefkow